UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.J. REYNOLDS TOBACCO COMPANY, a North Carolina Corporation,

    Plaintiff,

    v.

ROB MCKENNA, in his capacity as Attorney General of Washington; and MERRITT D. LONG, VERA ING, and ROGER HOEN, in their capacities as Members of the Washington State Liquor Control Board,,

    Defendants.

Case No. C06-5223

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: PREEMPTION AND INJUNCTIVE RELIEF

This matter comes before the Court on motion for summary judgment of Plaintiff R.J. Reynolds Tobacco Company for an order finding Washington Session Law Ch. 14 (2006), banning all promotional distribution of free cigarette samples in Washington, is preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331, et seq., and is therefore unenforceable. The Court, having reviewed all materials submitted by the parties and relied upon for authority and being fully informed hereby grants Plaintiff's motion. For the reasons stated below, the Court finds Washington Session Law Ch 14 is preempted by the Federal Cigarette Labeling and Advertising Act.

**INTRODUCTION AND BACKGROUND**

ORDER - 1

In this action R.J. Reynolds Tobacco Company (RJR) seeks a declaration that Washington Session Law Ch 14 (2006), which bans all promotional distribution of cigarette samples in the State, violates the First Amendment, is preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1334 (FCLAA) and violates 42 U.S.C. § 1983.  By this motion, RJR seeks summary judgment on the claim that the FCLAA preempts the Washington law.

Washington law defines "sampling" as the distribution of cigarettes to members of the general public at no cost or at nominal cost for product promotion purposes.  RCW 70.155.010. Sampling is confined to adults, as it is unlawful for minors (persons under age eighteen) to possess cigarettes.  RCW 70.155.080.  It is unlawful to distribute cigarettes to minors, RCW 26.28.080, and distribution to minors is punishable as a gross misdemeanor, RCW 26.28.080.

Prior to the effective date of Washington Session Law Ch 14 (2006), June 7, 2006, sampling was prohibited in any public place, except the prohibition did not apply (a) in an area to which persons under the age of eighteen are denied admission, (b) in or at a store or concession to which a retailer's license has been issued, or (c) at or adjacent to a production, repair, or outdoor construction site or facility.  RCW 70.155.060(1)(repealed).  Sampling was also prohibited on public property that is within five hundred feet of a playground, school, or other facility when that facility is being used primarily by persons under the age of eighteen for recreational, educational, or other purposes.  RCW 70.155.060(2)(repealed).  To engage in sampling required a license from the Washington State Liquor Control Board.  The licensee was entitled to distribute samples at any "lawful location" in the state during the term of the license.  RCW 70.155.050(amended to prohibit sampling).

Washington Session Law Ch. 14 (2006) is entitled: "An Act Relating to protecting the health of minors by prohibiting sampling."  The declared intent of Session Law 14 is to protect minors from the influence of tobacco sampling by eliminating the distribution of samples in Washington.  Session Law Ch. 14 repealed the regulation of adult sampling and enacted a total prohibition of sampling

ORDER - 2

throughout the State of Washington. RCW 70.155.050. As a result of these provisions, it is unlawful to distribute cigarettes to adults for promotional purposes anywhere in Washington. It is this prohibition that RJR seeks to have declared unenforceable as preempted by federal law.

## SUMMARY JUDGMENT STANDARD

A grant of summary judgment is appropriate only where the moving party has demonstrated that there is no genuine issue of material fact. Lindsey v. Tacoma-Pierce County Health Dep't., 195 F.3d 1065, 1068 (9th Cir. 1999). Material facts are those which might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine if a reasonable trier of fact could find in favor of the nonmoving party. Id. Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party that bears the ultimate burden at trial must show that there is evidence creating a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A mere scintilla of evidence supporting the non-moving party's position is insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. Anderson, at 252. For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

## FEDERAL PREEMPTION

Under the Supremacy Clause of the United States Constitution, Congress may preempt state statutory law through federal legislation. U.S. CONST. Art. VI. § 2; Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 325-27 (1981). Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005). State action may be foreclosed by express language in a congressional

ORDER - 3

enactment. <u>Lorillard Tobacco Co. v. Reilly</u>, 533 U.S. 525, 541 (2001); <u>Cipollone v. Liggett Group, Inc.</u>, 505 U.S. 504, 514 (1992).  The Federal Cigarette Labeling and Advertising Act contains such a preemption provision, 15 U.S.C. § 1334(b); <u>Jones v. Vilsack</u>, 272 F.3d 1030, 1034 (8th Cir. 2001).

In 1965, Congress enacted the FCLAA, which requires all cigarette packages to contain a warning that smoking is hazardous. The purpose of the FCLAA is to adequately inform the public of the dangers associated with smoking cigarettes and to protect the national economy from the burden imposed by diverse, non-uniform, and confusing cigarette labeling and advertising regulations. <u>Cipollone</u>., at 514; <u>Rivera</u>, at 1146.  In its initial form, the FCLAA preempted state and federal regulation from requiring tobacco companies to add statements relating to smoking and health to cigarette labels or advertising that are not required by federal law: "No statement relating to smoking and health shall be required in the advertising of any cigarettes the packages of which are labeled in conformity with the provisions of this Act."  <u>Lorillard Tobacco</u>, at 542, <u>Jones</u>, at 1034.

In 1969, Congress amended the FCLAA and made significant changes, one of which expands the scope of the preemption provisions.  <u>Lorillard Tobacco</u>, at 544.  As amended, the FCLAA contains an express statement of state law preemption: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C. § 1334(b).  Unlike the prior provision which preempted all state and federal regulation, the amended provision does not preempt regulation by the Federal Trade Commission (FTC), freeing the FTC to impose regulations governing advertisement and promotion of cigarettes.  <u>Lorillard Tobacco</u>, at 544.

The United States Supreme Court has considered the preemptive scope of this provision, and concluded that it is governed entirely by its express language. <u>Lorillard Tobacco</u>, at 548-51; <u>Cipollone</u>, 505 U.S. at 517.  "Rather than preventing only "statements," the amended provision reaches all 'requirement[s] or prohibition[s] ... imposed under State law.'  And, although the former

ORDER - 4

statute reached only statements 'in the advertising,' the current provision governs 'with respect to the advertising or promotion' of cigarettes. Congress expanded the pre-emption provision with respect to the States, and at the same time, it allowed the FTC to regulate cigarette advertising." Lorillard Tobacco, at 545-46. (Citations omitted).

The clear and express language of the FCLAA preempts any state law that imposes a prohibition based on smoking and health with respect to the advertising or promotion of any cigarettes. Lindsey v. Tacoma-Pierce County Health Dep't., 195 F.3d 1065, 1070 (9th Cir. 1999). The terms of § 1334(b) delineate five requirements for federal preemption of state regulatory efforts. The provision preempts (1) state regulations (2) based on smoking and health (3) concerning the advertising or promotion (4) of cigarettes (5) whose labels comply with the FCLAA. 15 U.S.C. § 1334(b); Jones, at 1034.

Four of the five requirements are readily established in the present case. Washington Session Law Ch 14 (2006) is unquestionably a state regulation. It is also apparent and uncontradicted that the prohibition on distribution of cigarettes for product promotion purposes stems from a concern for the public health.  The Session law explicitly regulates tobacco products, which includes cigarettes.  Finally, the State does not contend that cigarette packages sold by the retailers do not comport with the FCLAA's labeling requirements.  The dispute in this case centers upon one requirement; the question of whether the distribution of cigarettes to the general public at no cost or at nominal costs for product promotion purposes concerns "promotion" of cigarettes.

The Eighth Circuit addressed this precise question in Jones v. Vilsack, 272 F.3d 1030 (8th Cir. 2001).  There the court held the plain and ordinary meaning of "promotion" includes the distribution of cigarette samples.  The court noted that two federal reports on tobacco use and marketing describe the promotion of cigarettes as including the practice of distribution of cigarette samples.  Jones at 1035 (referencing the Federal Trade Commission's (FTC) 1998 Report to Congress and Surgeon General's 1994 report, *Preventing Tobacco Use Amongst Young People*).

ORDER - 5

The court further noted that the Supreme Court has recognized the FTC's authority to regulate the promotional activities of the tobacco companies which include product giveaways. <u>Jones</u>, at 1036 (referencing <u>Lorillard Tobacco</u>, at 537 and <u>FDA v. Brown & Williamson Tobacco Corp</u>., 529 U.S. 120, 128 (2000)). Finally, the court found that dictionary definitions of "promotion" encompassed product giveaways, such as sampling. <u>Jones</u>, at 1036. The court concluded that because states may not regulate cigarette promotions, the provisions of state law that prohibited tobacco retailers from giving away tobacco products, and from providing free goods and other concessions in exchange for purchase of tobacco products, were expressly preempted by the FCLAA., 15 U.S.C. § 1334(b). <u>Jones</u>, at 1037.

       The same analysis is applicable to Washington Session Law Ch. 14. The language of the Washington legislation itself acknowledges that it concerns the regulation of the promotion of cigarettes. The legislation prohibits any person from engaging in the business of sampling tobacco products. Sampling is defined as the distribution of samples to the public and a sample defined as "a tobacco product distributed to members of the general public at no cost or at nominal cost for product promotion purposes." Washington Session Law Ch. 14 (2006); RCW 70.155.010. and .050.

       The State attempts to discount the opinion of the Eighth Circuit, asserting that the court did not consider the distinction between advertising/promotions and conduct in actually distributing cigarettes. The State argues that Session Law 14 prohibits the conduct of distribution of cigarettes, not the promotional (speech) activities of cigarette companies. The State contends there is a "critical difference between cigarette advertising and promotion, which attempt to provide information and a sales pitch, and <u>conduct</u> that actually transfers cigarettes into the hands of consumers." The State, citing <u>Lorillard Tobacco</u>, asserts that the Supreme Court has clarified that the FCLAA has not preempted the police power of the States to regulate the actual distribution of cigarettes to customers; an activity that encompasses sampling.

       This Court is unpersuaded by this argument. The State misconstrues <u>Lorillard Tobacco</u> when

ORDER - 6

it concludes that "all distribution" of cigarettes is subject to state regulation. The Supreme Court in <u>Lorillard Tobacco</u> states: "Although the FCLAA prevents States and localities from imposing special requirements or prohibitions 'based on smoking and health' 'with respect to the advertising or promotion' of cigarettes, that language still leaves significant power in the hands of States to impose generally applicable zoning regulations and to regulate conduct." <u>Lorillard Tobacco</u>, at 551. "The FCLAA also does not foreclose all state regulation of conduct as it relates to the sale or use of cigarettes. The FCLAA's pre-emption provision explicitly governs state regulations of 'advertising or promotion.' Accordingly, the FCLAA does not pre-empt state laws prohibiting cigarette sales to minors." <u>Lorillard Tobacco</u>, at 552.

This Court reads these pronouncements as providing that the FCLAA has not foreclosed all state regulation of conduct, but has done so with respect to promotional or advertising conduct. "Rather than preventing only 'statements,' the amended provision reaches all 'requirement[s] or prohibition[s] ⋯ imposed under State law.' And, although the former statute reached only statements 'in the advertising," the current provision governs 'with respect to the advertising or promotion' of cigarettes." <u>Lorillard Tobacco</u>, at 552; <u>Cipollone</u>, at 520. "The language used in [15 U.S.C.] § 1334(b) must be read as preempting more than just content regulations." <u>Lindsey</u>, at 1074. Thus, the States are free to regulate the conduct of sales and distribution of cigarettes only so far as the conduct does not relate to advertising or promotion. The State ban on the distribution of cigarettes to members of the general public at no cost or at nominal cost for product promotion purposes is a state regulation of the promotion of cigarettes and thus, preempted by the FCLAA.

The State's attempt to distinguish sampling as distribution from sampling as a promotional activity (speech) does not succeed in circumventing the express language of 14 U.S.C. § 1334(b). In <u>Lorillard Tobacco</u> the Supreme Court rejected a similar argument. In that case it was asserted that Massachusetts' regulation of the "location" of cigarette advertising is not preempted by § 1334(b). The State argued that the preemption provisions concern only the content of advertising and

ORDER - 7

promotion and did not usurp the State's traditional powers to control the location of advertising and to protect the welfare of children. Lorillard Tobacco, at 546. The Court disagreed, stating "the content/location distinction cannot be squared with the language of the pre-emption provision, which reaches all 'requirements' and 'prohibitions' 'imposed under State law.'" Lorillard Tobacco, 548. "In sum, we fail to see how the FCLAA and its pre-emption provision permit a distinction between the specific concern about minors and cigarette advertising and the more general concern about smoking and health in cigarette advertising, especially in light of the fact that Congress crafted a legislative solution for those very concerns. We also conclude that a distinction between state regulation of the location as opposed to the content of cigarette advertising has no foundation in the text of the pre-emption provision." Lorillard Tobacco, at 550-51. See also, Lindsey v. Tacoma-Pierce County Health Dep't., 195 F.3d 1065, 1070 (9th Cir.1999)(rejecting the content-location distinction and holding regulation of location of cigarette advertising subject to preemption under the FCLAA).

In Rockwood v. City of Burlington, Vt., 21 F. Supp.2d 411 (D. Vt. 1998), The Federal District Court enjoined the enforcement of a city ordinance that prohibited, among other activities, the distribution of free samples of tobacco products for promotional purposes. The court held this prohibition directly affects the advertisement and promotion of cigarettes, and consequently, however well-advised the measures are, they are preempted by the FCLAA. Id. at 420. The court rejected the assertion that there existed a dichotomy within the boundaries of advertising and promotional activity wherein only restrictions that addressed content were preempted. The court reasoned that such an argument finds no support in the text of the preemption provision. The plain language of the provision makes no distinction between requirements and prohibitions; it preempts any requirements or prohibitions with respect to advertising or promotion of cigarettes that are based on smoking and health. Id. at 419.

This Court agrees with the analysis of the Federal District Court of Vermont. The plain

ORDER - 8

language of 42 U.S.C. § 1334(b) does not lend itself to a distinction between regulation of promotional activity as content from that of promotional activity as distribution. The provision reaches all prohibitions imposed under State law on the promotion of cigarettes.

Contrary to the decisions of the federal courts and in acknowledged disregard of the plain language of 14 U.S.C. § 1334(b), the Supreme Court of California concluded in <u>Lockyer v. R.J. Reynolds Tobacco Co.</u>, 37 Cal.4th 707, 124 P.3d 408 (2005), that the FCLAA does not preempt state regulation of the distribution of cigarettes for promotional purposes. The Court reasoned that because the plain meaning of § 1334(b) bars <u>any</u> state regulation of the free distribution of cigarettes, Congress could not have intended § 1334(b) to preempt state regulation of the distribution of cigarettes to minors. <u>Id</u>. at 415. The court looked beyond the plain language of the statute and determined there was no clear and manifest purpose of Congress to bar state regulation of the nonsale distribution of cigarettes to minors or adults. The court reasoned that (1) state regulation of nonsale distribution of cigarettes would not conflict with the purpose of preemption of state regulation: to ensure that commerce and the national economy are not impeded by diverse, nonuniform and confusing regulations governing the advertising and promotion of cigarettes; (2) although Congress had enacted extensive legislation governing advertising of cigarettes, it has not enacted any comprehensive legislation governing the nonsale distributions nor authorized the FTC to do so; and (3) subsequent federal legislation requiring states to prohibit nonsale distribution of cigarettes to minors as a condition of receiving certain federal aid showed that Congress did not regard the FCLAA as baring state regulation of nonsale distribution to minors. <u>Id</u>. at 724-25.

This Court is not persuaded by the analysis of the California court. First, addressing the California court's concerns about the distribution of cigarettes to minors, the Supreme Court in <u>Lorillard Tobacco</u> emphasized that FCLAA does not pre-empt state laws prohibiting cigarette distribution to minors. To the contrary, there is an established congressional policy that supports such laws. Congress has required States to prohibit tobacco sales or distributions to minors as a condition

ORDER - 9

of receiving certain federal block grant funding. <u>Lorillard Tobacco</u>, at 552.  The Court also noted that in Massachusetts, it is illegal to sell or distribute tobacco products to persons under the age of eighteen.  "Having prohibited the sale and distribution of tobacco products to minors, the State may prohibit common inchoate offenses that attach to criminal conduct, such as solicitation, conspiracy, and attempt.  States and localities also have at their disposal other means of regulating conduct to ensure that minors do not obtain cigarettes."  <u>Id</u>. (citations omitted).  Washington has addressed these other means of prohibiting access to tobacco products by minors.  It is unlawful in Washington to distribute cigarettes to minors, RCW 26.28.080, and distribution to minors is punishable as a gross misdemeanor, RCW 26.28.080.  Accordingly, sampling by minors is prohibited, notwithstanding the enactment of Washington Session Law Ch. 14.

Second, allowing individual states to regulate sampling could lead to diverse, nonuniform and confusing regulations governing the promotion of cigarettes in contradiction to the express purpose of the preemption provisions of the FCLAA.

Third, although Congress may not have enacted "comprehensive" legislation addressing the promotional activities of cigarette companies, the FTC is free to impose regulations governing the advertisement and promotion of cigarettes.  See, <u>Lorillard Tobacco</u>, at 544.  The federal government need not enact regulations in order to preempt state law.  See, <u>Industrial Truck Ass'n, Inc. v. Henry</u>, 125 F.3d 1305, 1313 (9th Cir. 1997); <u>Upholstered Furniture Action Council v. California Bureau of Home</u>,  415 F. Supp. 63, 64 (D.C. Cal. 1976).

In interpreting a preemption clause, the court must give effect to its plain language unless there is good reason to believe Congress intended the language to have some more restrictive meaning.  <u>American Bankers Ass'n. v. Gould</u>. 412 F.3d 1081, 1086 (9th Cir. 2005).  This Circuit has determined there is no good reason to believe the Congress intended other than what it expressly stated in enacting 14 U.S.C. § 1334(b).  See, <u>Lindsey v. Tacoma-Pierce County Health Dep't</u>., 195 F.3d 1065, 1070-73 (9th Cir.1999).  In <u>Lindsey</u> the Ninth Circuit expressly recognized that the plain

ORDER - 10

language of the FCLAA is determinative to resolving preemption issues regarding tobacco advertising and promotion.. Id. at 1070. See also, Cipollone v. Liggett Group, Inc., 505 U.S. 504, 514 (1992). In Jones v. Vilsack, 272 F.3d 1030 (8th Cir. 2001) the Eighth Circuit held a state regulation of distribution of cigarettes for promotional purposes is preempted by the clear and express language of 15 U.S.C. § 1334(b) because it creates a requirement or prohibition based on smoking and health with respect to the advertising or promotion of cigarettes. Accord, Rockwood v. City of Burlington, Vt., 21 F. Supp.2d 411 (D. Vt. 1998). Absent some good reason to do so, the Ninth Circuit is disinclined to create a direct conflict with another circuit, United States v. Larm, 824 F.2d 780, 784 (9th Cir. 1987), especially in an area of federal law which calls for uniformity. Ward v. Department of Labor, 726 F.2d 516, 518 (9th Cir. 1984). The Court finds Washington Session Law 14 (2006) is preempted by § 1334(b) of the FCLAA.

## CONCLUSION

For the forgoing reasons, Plaintiff is entitled to summary judgment. Washington Session Law Ch. 14 (2006) is preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1334(b) and is therefore unenforceable.

ACCORDINGLY;

IT IS ORDERED:

1. Plaintiff's motion for Summary Judgment (Count II - Preemption) [Dkt #17] is **GRANTED**

2. Defendants are enjoined from enforcing Washington Session Law Ch. 14 (2006).

DATED this 24th day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 11