UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.J. REYNOLDS TOBACCO COMPANY, a North Carolina Corporation,

    Plaintiff,

    v.

ROB MCKENNA, in his capacity as Attorney General of Washington; and MERRITT D. LONG, VERA ING, and ROGER HOEN, in their capacities as Members of the Washington State Liquor Control Board,,

    Defendants.

Case No. C06-5223 FDB

ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on motion of Plaintiff R.J. Reynolds Tobacco Company for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2). The Court, having reviewed all materials submitted by the parties and relied upon for authority and being fully informed hereby denies Plaintiff's motion. For the reasons stated below, the Court finds Plaintiff is not entitled to a fee award on the basis of an unadjudicated constitutional claim alleged in the complaint.

ORDER - 1

## INTRODUCTION AND BACKGROUND

Plaintiff R.J. Reynolds Tobacco Company (RJR) filed its Complaint[1] in this Court on April 21, 2006, asserting that Washington Session Law Ch. 14 (2006) banning cigarette sampling is invalid and unenforceable as contrary to the First Amendment protection of commercial speech and/or preempted by the Federal Cigarette Labeling and Advertising Act (FCLAA).  Count I of the Complaint setting forth the First Amendment claim simply states that (1) the First Amendment to the United States Constitution protects commercial speech, (2) sampling is a form of commercial speech, and (3) Chapter 14 of the 2006 Laws of Washington bans cigarette sampling in violation of the First Amendment.

On June 22, 2006, exactly two months after commencing the action, RJR filed a motion for summary judgment confined to the sole question as to whether Washington's ban on sampling was preempted by the FCLAA.  This Court granted the motion, finding Washington Session Law Ch. 14 (2006) is preempted by the Federal Cigarette Labeling and Advertising Act.  The Court enjoined enforcement of Chapter 14 to the extent the law prohibits the sampling of cigarettes.

RJR now seeks an award of $232,060.50 as attorneys' fees in connection with its successful challenge to Washington Session Law Chapter 14 (2006).

## SECTION 1988 ATTORNEYS' FEES

The Civil Rights Attorney's Fee Award Act of 1976 provides, in relevant part: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). 42 U.S.C. § 1983, in turn, protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

In order to seek redress through § 1983,  a plaintiff must assert the violation of a federal

---

[1] An Amended Complaint was filed on May 30, 2006 naming members of the Washington State Liquor Control Board as additional defendants.

ORDER - 2

right, not merely a violation of federal law. Gonzaga University v. Doe, 536 U.S. 273, 285-86 (2002). A claim under the Supremacy Clause that a federal law preempts a state regulation is distinct from a claim for enforcement of federal law under 42 U.S.C. § 1983. A claim under the Supremacy Clause simply asserts that a federal statute has taken away local authority to regulate a certain activity. Loyal Tire & Auto Center, Inc. v. Town of Woodbury, 445 F.3d 136, 149 (2nd Cir. 2006). Accordingly, a preemption claim is not a colorable § 1983 action that would allow for recovery of attorneys' fees under § 1988. White Mountain Apache Tribe v. Williams, 810 F.2d 844, 848-50 (9th Cir. 1987); Segundo v. City of Rancho Mirage, 813 F.2d 1387, 1394 (9th Cir. 1987).

RJR argues that even though their preemption claim does not give rise to a fee award under § 1988, they are entitled to fees on the basis of the pendent First Amendment claim plead in the federal complaint. A plaintiff who prevails on a claim not cognizable under § 1983 may recover fees under § 1988 on the basis of an unadjudicated pendent constitutional claim that is substantial and arises out of the same operative facts. Maher v. Gagne, 448 U.S. 122, 127 (1980). In order to collect fees in a case where the court declines to enter judgment for the plaintiff on a claim supporting attorneys' fees, plaintiff must prevail on a non-fee claim that arises out of a common nucleus of operative facts and must demonstrate that the constitutional claim is substantial. Gerling Global Reinsurance Corp. of Am. v. Garamendi, 400 F.3d 803, 808 (9th Cir. 2005).

Like the appellants in White Mountain Apache Tribe v. Williams, 810 F.2d 844, 848-50 (9th Cir. 1987), RJR's claim for a fee award fails to provide any meaningful basis for evaluating the substantiality of the First Amendment commercial speech claim. In White Mountain, the only information in the record of the appellant's constitutional claims were the "bare allegations" contained in their complaint. Id. at 852. It thus appeared to the court that any civil rights claim was at best "an afterthought" to their non-section 1983 claim. Id. at 855. "This is not a case where a § 1983 plaintiff seeks attorney's fees on the strength of constitutional claims which were pressed but not adjudicated because of 'the longstanding judicial policy of avoiding unnecessary decision of

ORDER - 3

important constitutional issues.'  Maher v. Gagne, 448 U.S. at 133, 100 S.Ct. at 2576.  Rather, this is a case where the constitutional claims were never pressed beyond the original federal complaint until they were dusted off for use in seeking a fee award under § 1988."  White Mountain, at 854.  Fees will not be awarded in such circumstances.  Id.  See also, Howard v. City of Burlingame, 937 F.2d 1376, 1380-81 (9th Cir. 1991).

The Plaintiff in this case has likewise failed to provide a sufficient factual basis for a favorable assessment of the substantiality of the First Amendment claim.  The constitutional claim simply appears as a three-line assertion in the original complaint that sampling is a form of commercial speech that the State may not prohibit.  Sixty days subsequent to filing this complaint, RJR filed its motion for summary judgment.  That dispositive motion does not even mention the First Amendment claim, but confines itself to the claim of preemption.  There is nothing in the record that establishes substantiality.  On the basis of the record, the First Amendment claim fails to meet the substantiality test.

**CONCLUSION**

For the forgoing reasons, Plaintiff is not entitled to a fee award on the basis of the unadjudicated constitutional claim.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion for Attorney's Fees [Dkt #39] is **DENIED**.

DATED this 13th day of November, 2006.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4